EASTERN DIS.
May, 1841.

STANTON
vs.
COX'S SYNDIC.

## STANTON vs. COX'S SYNDIC.

APPEAL FROM THE PROBATE COURT FOR THE CITY AND PARISH OF NEW ORLEANS.

Where a creditor takes the goods of his supposed debtor in his absence, and sells them at a sacrifice, he is chargeable with them, at the *price* they were limited at by the consignor.

The Syndic filed his provisional tableau, on which he placed the plaintiff in opposition, J. W. Stanton, as a creditor, in the following manner: "for $3361 48, and damages $1500, together $4861 48," "By the books of the estate, there appears to be due but $2057 24; and that amount the syndic claims the right of placing to the credit of J. F. Smith & Co., who are largely indebted to the estate."

Stanton made opposition to the tableau, and claimed to be placed as a creditor absolutely for the sum of $4500, being the amount of goods consigned to him, and illegally sold by Cox, and as damages for his illegal and violent conduct in seizing and selling his goods.

The Judge of Probates was satisfied from the testimony, that Cox had, illegally in his absence, taken a quantity of wines, on consignment to him, and caused them to be sold at auction, to pay a supposed endorsement debt due by Stanton, when in fact the first set of exchange had been paid to the Bank.

There was judgment, allowing the opposing creditor the price of the goods, taken at the limits fixed by the consignor, and he was put down for $2118 50. He appealed from this judgment.

*Bradford*, for the appellant.

*Th. & J. Slidell*, for defendant.

*Bullard, J.* delivered the opinion of the court.

The Syndic of the estate of Cox placed on the tableau of distribution a claim of J. W. Stanton, the present appellant, which, with others, was referred by him to the court, in the fol-

EASTERN DIS.
*May*, 1841.

STANTON
*vs.*
COX'S SYNDIC.

lowing words: "J. W. Stanton $3361, and damages $1500, together $4861;—by the books of the estate, there appears to be due but $2057 25; and that amount the syndic claims a right to place to the credit of J. F. Smith & Co., who are largely indebted to the estate."

To the claim as thus represented, Stanton made opposition, and insisted on his right to be placed absolutely on the tableau for $4500, for goods of his, illegally taken and sold by Cox.

The record shows, that goods held by Stanton for sale under consignment, were taken by Cox, and sold at auction, to pay a debt, supposed at that time to be due by Stanton, who was absent. The goods had been confided by Stanton to Smith & Co., who consented to Cox's proceedings. They were sold at a sacrifice; and the Court of Probates considered, that the opposing creditor was entitled to a fair indemnity, and by its judgment charged the estate with the goods at the price, at which they were limited by the consignors of Stanton. This we consider a fair and just standard of indemnity, especially as the pretext for the irregular proceeding arose out of an endorsement of Cox for Stanton of a Bill of Exchange, which the former had taken up after protest; although in point of fact the first set of exchange had been paid without the knowledge of the endorser, and of the Commercial Bank, the holder of the second under protest. The fault was attributed to the Bank, whose Cashier promised on its part to make up any loss or damage arising from the sale of the goods.

*Where a creditor takes the goods of his supposed debtor in his absence, and sells them at a sacrifice, he is chargeable with them, at the price they were limited at by the consignor.*

The judgment under this view of the case would not be disturbed by us, if it had not been for the omission, inadvertently, of an item of $545 88, which was not contested, and which must be added to the sum allowed.

It is therefore ordered and decreed, that the judgment of the Court of Probates, so far as it relates to the claim of J. W. Stanton, be reversed, and that the tableau be so amended, as to allow to said Stanton the sum of $2718 21, and that thus amended the tableau be homologated and approved, and that the costs of the appeal be paid by the appellee.